UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **RICH LAND SEED CO., INC.** | * | **CASE NO. 3:21-CV-01865** |
| Plaintiff, | * | |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **BLSW PLEASURE CORPORATION, ET AL.** | * | |
| Defendants. | * | **MAG. JUDGE KAYLA D. McCLUSKY** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

NOW INTO COURT, through undersigned counsel, come the City of Memphis Light, Gas & Water Division, Inc., more properly identified as Memphis Light, Gas & Water ("MLGW"), Marathon Oil Company ("Marathon"), and Chevron Pipe Line Company ("CPL") (collectively, "Removing Defendants") to oppose the Motion for Remand filed by Rich Land Seed Co., Inc. ("Plaintiff"). This action is identical to Plaintiff's first-filed action—*Rich Land Seed Co., Inc. v. BLSW Pleasure Corp., et al.*, No. 3:21-cv-01070 (W. D. La. 2021)[1]—where this Court held removal was proper and consistent with this Court's recent decisions in similar legacy lawsuits, holding that defunct and non-existent oil and gas company defendants are improperly joined to the litigation.[2] As explained by the Court, "removing defendants *have* adduced evidence to establish that Plaintiff possesses no more than a theoretical possibility of recovery against the eleven non-

---

[1] The paragraphs and prayer for relief included in Plaintiff's petition in this action and the first-filed action are identical in every respect. Apparently, because the property at issue spans Morehouse Parish and Richland Parish, Plaintiff filed the same lawsuit in both parishes.

[2] *See* July 29, 2021 Report and Recommendation, Rec. Doc. No. 16, and August 16, 2021 Judgment, Rec. Doc. No. 18, entered in *Rich Land Seed Co., Inc. v. BLSW Pleasure Corp., et al.*, No. 3:21-cv-01070 (W. D. La. 2021), attached hereto, *in globo*, as Exhibit "A."

1

diverse and/or non-consenting defendants" because they are non-existent, defunct, or wholly irrelevant to this litigation.³ Thus, the non-removing defendants are improperly joined to this action, and this Court has diversity jurisdiction.⁴

Plaintiff cannot avoid the preclusive effect of this Court's ruling here—in this identical action, involving the same parties, the same claims, allegations, and issues, and the same jurisdictional facts, law, and evidence. Instead, as explained by this Court (and the United States Supreme Court), "[t]he principles of res judicata apply to questions of jurisdiction as well as to other issues."⁵ Thus, where, as here, "the jurisdiction of a tribunal is actually brought into question in the proceeding before it, such tribunal has the power to determine its own jurisdiction, and once determined…that decision cannot ordinarily be attacked collaterally."⁶ This follows not only under collateral estoppel (or issue preclusion) principles,⁷ but also under the law of the case doctrine, which "expresses the practice of courts generally to refuse to reopen what has been decided."⁸ "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."⁹

---

³ Report and Recommendation, Exhibit "A," at pp. 12-24.

⁴ *See* Report and Recommendation and Judgment, Exhibit "A."

⁵ *Jena Band of Choctaw Indians v. Tri-Millennium Corp., Inc.*, 387 F.Supp.2d 671, 674 (W.D. La. 2005) (citing *Am. Sur. Co. v. Baldwin*, 287 U.S. 156, 166 (1932), and *Babers v. Babers*, 312 So.2d 896, 897 (La. App. 2 Cir. 1975)); *see also Johnson v. Muelberger*, 340 U.S. 581, 585 (1951) ("One trial of an issue is enough. 'The principles of res judicata apply to questions of jurisdiction as well as to other issues,' as well to jurisdiction of the subject matter as of the parties.").

⁶ *Jena Band of Choctaw Indians*, 387 F.Supp.2d at 674 (citing *Mike Hooks, Inc. v. Pena*, 313 F.2d 696, 699 (5th Cir. 1963)).

⁷ *See U.S. ex rel. Roberts v. Aging Care Home Health, Inc.*, 02-2199, 2008 WL 2945946, at *6 (W.D. La. July 25, 2008). "[W]hen a federal court renders a decision in a diversity case, the decision's preclusive effect is measured by federal principles of preclusion." *Stanley Tools v. Madison Mills, Inc.*, 109 F.Supp.2d 500, 502 (E.D. La. 2000) (citing *Terrell v. DeConna*, 877 F.2d 1267, 1270 (5th Cir. 1989)).

⁸ *Aging Care Home Health, Inc.*, 2008 WL 2945946, at n. 9 (citing *United States v. Lawrence,* 179 F.3d 343, 351 (5th Cir. 1999)).

⁹ *Id.* (citing *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816 (1988)).

The diversity jurisdiction issues here are identical to those litigated by the parties and decided by this Court on August 16, 2021 in Plaintiff's first-filed action.[10]  Plaintiff is thus precluded under collateral estoppel principles from relitigating the propriety of removal.[11]  Likewise, while this action is not technically a "subsequent stage [of] the same case," Plaintiff's two actions are the same, and Removing Defendants have requested consolidation of them.[12]  Thus, the law of the case doctrine should likewise apply.

Nothing warrants deviation from this Court's Judgment, especially given the records and arguments of counsel *are the same* and Plaintiff does not even dispute the defunct status (and irrelevance) of the non-removing defendants in its Motion for Remand.[13]  Adopting the Court's Judgment in this action conforms to settled law, furthers the public policy behind the preclusion doctrines to "protect[] against the expense and vexation of multiple lawsuits on the same issue,"[14] promotes consistency in Plaintiffs' two identical actions, and properly forecloses Plaintiff from attempting a second bite at the apple.  Plaintiff's Motion for Remand should be denied.

---

[10] *See generally* Plaintiff's Motion to Remand and Reply, Rec. Doc. Nos. 12 and 15 in *Rich Land Seed Co., Inc. v. BLSW Pleasure Corp., et al.*, No. 3:21-cv-01070 (W. D. La. 2021); Report and Recommendation, Exhibit "A."

[11] *See Aging Care Home Health, Inc.*, 2008 WL 2945946, at *6 ("In the Fifth Circuit, a prior judgment has collateral estoppel effect if (1) the issue in the current suit is identical to the issue in the prior action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in the earlier action.").

[12] Removing Defendants have requested consolidation of these two actions pursuant to Local Rule 3.1.  *See* Joint Notice of Removal, Rec. Doc. No. 1, at p. 1.

[13] Removing Defendants expressly incorporate, as set forth herein *in extenso*, the law, evidence, and arguments contained in their Joint Notice of Removal, Rec. Doc. No. 1, and their Opposition to Plaintiff's Motion for Remand, Rec. Doc. No. 14, in *Rich Land Seed Co., Inc. v. BLSW Pleasure Corp., et al.*, No. 3:21-cv-01070 (W. D. La. 2021).

[14] *Stanley Tools v. Madison Mills, Inc.*, 109 F.Supp.2d 500, 503 (E.D. La. 2000).

Respectfully submitted:

*/s/ Adam Zuckerman*
Adam B. Zuckerman (#25943)
Lauren Brink Adams (#37052)
Kennard B. Davis (#38181)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
azuckerman@bakerdonelson.com
lbrink@bakerdonelson.com
kdavis@bakerdonelson.com

**Attorneys for Memphis Light, Gas & Water**

*/s/ Tyler Moore Kostal*
Richard D. McConnell, Jr. (#29973)
**KEAN MILLER LLP**
400 Convention Street, Suite 700
P. O. Box 3513 (70821-3513)
Baton Rouge, LA 70802
Telephone: (225) 387-0999
richard.mcconnell@keanmiller.com

and

Richard S. Pabst (#17736)
Tyler Moore Kostal (#33289)
Claire M. Zeringue (#38950)
KEAN MILLER LLP
First Bank and Trust Tower
909 Poydras St., Suite 3600
New Orleans, LA 70112
Telephone: (504) 585-3050
richard.pabst@keanmiller.com
tyler.kostal@keanmiller.com
claire.zeringue@keanmiller.com

**Attorneys for Marathon Oil Company**

         */s/ Louis M. Grossman*
Michael R. Phillips (#21020)
Louis M. Grossman (#28591)
Claire E. Juneau (#33209)
Jeffrey J. Gelpi (#37130)
Anne C. Lemelin (#38038)
KEAN MILLER LLP
First Bank and Trust Tower
909 Poydras Street, Suite 3600
New Orleans, LA 70112
Telephone: (504) 585-3050
mike.phillips@keanmiller.com
louis.grossman@keanmiller.com
claire.juneau@keanmiller.com
jeff.gelpi@keanmiller.com
annie.lemelin@keanmiller.com

and

L. Victor Gregoire (#22400)
John C. Funderburk (#35597)
Alan J. Berteau (#17915)
KEAN MILLER LLP
400 Convention Street, Suite 700
P. O. Box 3513 (70821-3513)
Baton Rouge, LA 70802
Telephone: (225) 387-0999
victor.gregoire@keanmiller.com
john.funderburk@keanmiller.com
alan.berteau@keanmiller.com

**Attorneys for Chevron Pipe Line Company**

## CERTIFICATE OF SERVICE

    I hereby certify that on August 19, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record registered in the federal CM/ECF system. I further certify a copy of the foregoing document and the notice of electronic filing will be mailed by first-class mail to those who are non-CM/ECF participants at the address specified by Plaintiff in its Petition for Damages.

         */s/ Adam Zuckerman*