UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**RICH LAND SEED CO INC ET AL**          **CASE NO. 3:21-CV-01865**

**VERSUS**                               **JUDGE TERRY A. DOUGHTY**

**MEMPHIS LIGHT GAS & WATER, ET AL.**    **MAG. JUDGE KAYLA D. MCCLUSKY**

## REPORT AND RECOMMENDATION

This suit arises from a dispute relating to decades-long oil and gas exploration and production on Plaintiff's properties. Because Plaintiff's properties span Morehouse and Richland Parishes, Plaintiff filed two identical suits – the first in the Fifth Judicial District Court in Richland Parish ("Richland suit") and this suit ("instant suit") in the Fourth Judicial District Court in Morehouse Parish. [docs. #11-1, p. 1; 13, p. 1 n.1].

In April 2021, Defendants removed the Richland suit to this Court. *Rich Land Seed Co., Inc. v. BLSW Pleasure Corp.*, No. 21-cv-1070, 2021 WL 3627962 (W.D. La. July 29, 2021). On May 21, 2021, Plaintiff filed a motion to remand. *Id.* On July 29, 2021, the undersigned recommended that the Court deny Plaintiff's motion to remand, and dismiss all Defendants except for Marathon, Chevron, and Memphis. *Id.* On August 16, 2021, Judge Doughty adopted the undersigned's report and recommendation. *R&R adopted*, No. 21-1070, 2021 WL 3627139 (W.D. La. Aug. 8, 2021).

On June 28, 2021, Defendants removed the instant suit to this Court. [doc. #1]. On July 28, 2021, Plaintiffs filed a motion to remand. [doc. #11]. On February 2, 2022, the undersigned recommended, for the same reasons as the Richland suit, that the motion to remand be denied and that all Defendants, except Marathon, Chevron, and Memphis, be dismissed. [doc. #15]. On

February 10, 2022, Defendants filed the instant motion to consolidate this case with the Richland suit. [doc. #16]. On February 17, 2022, Judge Doughty adopted the undersigned's report and recommendation. [doc. #18].

On February 10, 2022, Defendants file a motion to consolidate, which the undersigned has denied by separate order.

**I.      LAW AND ANALYSIS**

A plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant[s]." *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) (internal quotations omitted). Accordingly, when there are two identical pending suits, the second complaint may be dismissed. *Id.*; *see Sutcliffe Storage & Warehouse Co. v. U.S.*, 162 F.2d 849, 851 ("There is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket; it is enough if one complete adjudication of the controversy be had.").

The Court may dismiss duplicative cases sua sponte, provided the procedure for dismissal employed is fair. *McCoy v. Wade*, 2007 WL 1098738, at *1 (W.D. La. Mar. 12, 2007). The Fifth Circuit has found that dismissing claims in a Report and Recommendation is fair, as it provides the parties an opportunity to respond to the possible dismissal of the case before the district judge acts. *Id.*; *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998).

Here, the instant suit and Richland suit are indistinguishable. The suits involve the same parties, the same issues of law, and the same factual dispute. In fact, the complaints themselves appear to be one and the same. Moreover, the parties do not appear to dispute that the suits are the same. *See* [doc. #16-1, p. 2] ("[B]ecause Plaintiff's property spans both Richland and

Morehouse Parishes, Plaintiff filed two identical lawsuits involving the same damage to the same property.").[1] Accordingly, the cases are duplicative, and, thus, one of them should be dismissed. *Oliney*, 771 F.2d at 859; *see also Bailey v. Lloyd D. Nabors Demolition, LLC*, 20-CV-0697 (W.D. La.). Because it is the Court's practice to dismiss the later-filed case, it is recommended that the instant case be dismissed.

Accordingly, **IT IS RECOMMENDED** that the instant suit be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

---

[1] Plaintiff did not file an opposition to the instant motion, thus, implicitly conceding the redundancy of this proceeding.

THUS DONE in Chambers on this 11th day of March, 2022.

                                                                  KAYLA DYE MCCLUSKY